## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOSEPH MICHAEL CORBETT, II,
     Plaintiff,

v.
                             2:25-cv-132-JLB-NPM

GERMAN ALBERTO VARGAS, *et al.*,
     Defendants.

---

## ORDER

This purported civil rights case was dismissed with prejudice on September 4, 2025. The dismissal terminated all pending motions. Consequently, the merits of plaintiff Joseph Corbett's then-pending motion for recusal of the assigned magistrate judge were never addressed. Post-dismissal, the defendants filed a motion for attorneys' fees, which was referred to the assigned magistrate judge. So, before we take up the fee motion, we revisit the recusal motion.

## Legal Standard

Corbett's motion invokes 28 U.S.C. § 455(a), which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Its purpose "is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *See United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 108 S. Ct.

2194 (1988)). Thus, the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal is sought would entertain a significant doubt about the judge's impartiality. *Patti*, 337 F.3d at 1321.

## Analysis

We conducted an in-person Rule 16(b)(1)(B) scheduling conference on May 9, 2025. And at the conclusion of that conference, Corbett filed his Local Rule 3.03 disclosure attesting that he was unaware of any actual or potential conflict of interest affecting the magistrate judge. (Doc. 21). After a few days of reflection, Corbett apparently changed his mind. He points to two statements made by the magistrate judge during the conference: a reference to the law firm representing the defendants as having extensive federal-court experience, and a reference to the fact that the court's docket includes matters in which people have lost their lives or their homes. He suggests the former indicates a bias in favor of defense counsel, and the latter shows a bias against his claim.

Devoid of any context, neither statement of fact would lead an objective, disinterested, lay observer to entertain a significant doubt about the magistrate judge's impartiality. And a reasonable person would undoubtedly harbor no such doubt given the context in which these observations were offered. A Rule 16 scheduling conference addresses a wide array of issues. *See* Fed. R. Civ. P. 16(c)(2);

2

*see also* Doc. 11 at 3–5. Even more so when a party, like Corbett, is not represented by counsel. From procedure to substance, the conference involved a discussion about securing the just, speedy, and inexpensive determination of the action. In that vein, the first reference was to reassure Corbett, a non-lawyer with little litigation experience, that the defense lawyers were familiar with our expectations and had a reputation for fair dealing with pro se litigants. And the second reference underscored the need for litigants to avoid unnecessarily taxing the court's limited resources. Neither statement supplies grounds for recusal. So, the motion (Doc. 28) is **DENIED**.

**ORDERED** on March 2, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

3